# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**CRAYTONIA BADGER**                                                   **PETITIONER**
ADC #162710

v.                    Case No. 2:19-cv-00140-DPM-JTK

**BUREAU OF PRISONS**                                           **RESPONDENT**

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to Chief United States District Court Judge D.P. Marshall, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1.  Why the record made before the Magistrate Judge is inadequate.

2.  Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3.  An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

**Introduction**

Petitioner, Craytonia Badger, an inmate in the Arkansas Department of Correction, brings this petition pursuant to 28 U.S.C. § 2241, asserting (1) the Bureau of Prisons (BOP) failed to provide him jail credit from February 22, 2018, to November 28, 2018, and (2) failed to give due consideration to his request for a nunc pro tunc designation. (Doc. No. 1, Petition)  The United States Attorney requests that the petition be dismissed, providing, if it is determined the requested credit has not been applied to any other sentence after transfer from state custody to BOP custody, the BOP would apply the credit sought under 18 U.S.C. § 3585(b). (Doc. No. 7, Response) In his Reply, Badger reiterates he has not received credit

Case 2:19-cv-00140-DPM   Document 9   Filed 03/05/20   Page 3 of 9

from February 2, 2018 to November 28, 2018, and that the BOP should provide him that credit. He also claims federal authorities should have taken primary custody over him once he satisfied his state sentences on February 22, 2018. (Doc. No. 8, Traverse, p.2) He states the failure of federal authorities to take primary custody effectively lengthened his incarceration time, and he should "be getting credit towards his Federal sentence from the date the state sentence was satisfied until [sic]. Otherwise, Mr. Badger['s] right to Due Process would be violated, because the action on the government extended his sentence by years." *Id.*

For the reasons outlined below, the undersigned recommends the petition be denied.

**Factual Background**

On April 8, 2016, Petitioner Craytonia Badger, appeared before the United States District Court for the Northern District of Mississippi pursuant to a writ of habeas corpus ad prosequendum for pending federal charges there in Case No. 1:16-cr-00014-001, charging him with possession of counterfeit/unauthorized access devices. (Doc. No. 7-1, Attachment 1) At the time, he was in the custody of the Arkansas Department of Correction (ADC) serving a fifteen (15) year sentence for charges out of Columbia County (Arkansas) Circuit Court in Case No. 2015-126 (commercial burglary) and Case No. 2015-177 (furnishing prohibited articles). (Doc. No. 7-1, Attachments 2 and 3) The federal court sentenced Badger to sixty-three (63) months imprisonment on January 25, 2017, and ordered the federal court sentence "to run consecutive to any undischarged term of imprisonment in Columbia County, Arkansas, Circuit Court Case No. 2015-177." (Doc. No. 7-1, Attachment 4) The United

States Marshals Service returned Badger to ADC custody on January 27, 2017. (Doc. No. 7-1, Attachments 4 and 1)

On February 16, 2017, the State of Arkansas, through its Columbia County Circuit Court Deputy Prosecuting Attorney, filed a Response to Badger's Motion to Dismiss charges in Case No. 14CR-16-7. (Doc. No. 7-1, Attachment 5) In it, the State averred that Badger had been arrested and charged with third-degree escape, first-degree mischief, breaking or entering and commercial burglary, and that he had not appeared on those charges due to state-custody interruptions. *Id.* Thereafter, on July 26, 2017, Badger received a seven (7) year sentence in Amite County (Mississippi) for burglary of a storehouse in Case No. 15-KR-016. (Doc. No. 7-1, Attachment 6) The judgment in that case was ordered to run consecutive to any sentence Badger was already serving. It also noted Badger was entitled "to credit for any and all days actually in jail in Amite County, Mississippi from his arrest on this charge until his trial. He is not entitled to credit for any time served on other sentences outside of the State of Mississippi." *Id.*

On February 12, 2018, the Columbia County (Arkansas) Circuit Court issued a Pickup Order for Badger in Case No. 14CR-16-7. (Doc. No. 7-1, Attachment 7) On February 22, 2018, Badger completed his state sentences for Columbia County (Arkansas) Case Nos. 2015-126 and 2015-177. He remained in the custody of the State of Arkansas for the pending charges in Columbia County (Arkansas) Case No. 14CR-16-7 and was not transferred to federal custody to begin his sentence. Additionally, Badger still had the seven-year sentence out of Amite County (Mississippi) he had to serve in Case No. 15-KR-016.

In July 2018, Badger requested from the BOP's Designation and Sentencing Computation Center (DSCC) that the BOP consider running his federal sentence concurrent with his state-court sentence in Cases 2015-126 and 2015-177. (Doc. No. 1-1, pp. 16-17) On August 15, September 6, and November 8, 2018, the BOP responded to Badger's requests for a credit towards his federal sentence in Case No. 1:16-cr-00014-001, for time spent in state custody. (Doc. No. 7-1, Attachment 8) In response to the inquiry for credit, the BOP contacted the sentencing federal court to glean its intent on how Case No. 1:16-cr-00014-001 should run against the Amite County (Mississippi) Case No. 15-KR-016, and Columbia County (Arkansas) Case No. 14CR-16-7. (Doc. No. 7-1, Attachment 9) On November 8, 2018, the Mississippi federal sentencing court responded that its intent was for federal Case No. 1:16-cr-00014-001 to run consecutive to any other sentence. (Doc. No. 7-1, Attachment 10) In the November 8, 2018, letter, DSCC notified Badger it lacked authority to make a retroactive designation. (Doc. No. 7-1, Attachment 8, p. 49) On November 28, 2018, the Columbia County (Arkansas) Circuit Court sentenced Badger in Case No. 14CR-16-7 to sixty (60) years' imprisonment. (Doc. No. 7-1, Attachment 11) The judgment noted Badger was not entitled to any jail-time credit. *Id.* The Mississippi Department of Corrections lists Badger's tentative release date as July 24, 2024. (Doc. No. 7-1, Attachment 12) The Arkansas Department of Correction notes Badger's parole/transfer eligibility date as November 17, 2038. (ARKANSAS DEPARTMENT OF CORRECTION, Inmate Population Information Search, https://apps.ark.org/inmate_info/index.php, (last visited Feb. 19, 2020).

According to Respondent, Badger has not participated in the Administrative Remedy

Program (grievance procedure) in the BOP system because he is a current state inmate with no access to the process. (Doc. No. 7, p. 4)

## Discussion

The Attorney General, through the BOP, has responsibility for computing and determining the commencement of federal sentences. *United States v. Tindall*, 455 F.3d 885, 888 (8th Cir. 2006) (citing *United States v. Wilson*, 503 U.S. 329, 334-35 (1992)). It likewise has the authority to award prior custody credit for any time spent in official detention prior to the date a sentence commences, so long as the time was not credited towards another sentence. *See* 18 U.S.C. § 3585(b). Further, "[t]he BOP is authorized to designate a facility (federal or state) as the site for a defendant convicted of a federal offense to serve his federal sentence. 18 U.S.C. § 3621(b). [It] may do this in advance of prisoner placement or through a nunc pro tunc order designating the state facility after the fact." *See Elwell v. Fisher*, 716 F.3d 477, 486 (8th Cir. 2013). The Court reviews the BOP's determinations for abuse of the agency's substantial discretion. *Fegans v. United States*, 506 F.3d 1101, 1105 (8th Cir. 2007).

Prior to presenting claims that challenge BOP determinations in federal court, however, petitioners seeking relief under section 2241 generally must exhaust their administrative remedies. *See United States v. Wilson*, 503 U.S. 329, 335 (1992); *see also Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009). Because the concept of exhaustion for § 2241 petitions is judicially created and not mandated by statute, "sound judicial discretion governs." *McCarthy v. Madigan*, 503 U.S. 1401, 144 (1992) (citations

6

omitted); *see also Leuth v. Beach*, 498 F.3d 795, 797 n.3 (8th Cir. 2007) (holding failure to exhaust does not affect a court's ability to decide case where "the exhaustion prerequisite for filing a 28 U.S.C. § 2241 petition is judicially created, not jurisdictional."). "Application of the [exhaustion] doctrine to specific cases requires an understanding of its purposes and of the particular administrative scheme involved." *McKart v. United States*, 395 U.S. 185, 193 (1969). "The basic purpose of the exhaustion doctrine is to allow an administrative agency to perform functions within its expertise, and to correct its own errors so as to moot judicial controversies." *Parisi v. Davidson*, 405 U.S. 34, 37 (1972); *see also United States v. Dico, Inc.*, 136 F.3d 572, 576 (8th Cir. 1998).

There is no assertion by Badger, or any available evidence provided in the record, indicating that he initiated, let alone exhausted, his administrative remedies with the BOP prior to bringing the instant petition. The BOP does not argue the Petition should be denied due to a failure to exhaust administrative remedies. Instead, the BOP acknowledges that Badger did not have access to the BOP administrative remedy process as a current state inmate. (Doc. No. 7, p. 4). Such custody does not excuse Petitioner, however, from availing himself of the BOP's administrative remedy.

Here, Badger remains in state custody. At the time he satisfied his state-court sentences in Case Nos. 2015-126 and 2015-177 on February 22, 2018, the Columbia County Circuit Court had issued a Pickup Order for him on February 12, 2018, for Case No. 14CR-16-7. When the BOP contacted the sentencing federal court in Mississippi, the Court stated its intentions were for Badger's federal sentence to run consecutive to any other sentence.

Therefore, the undersigned recommends dismissal of the petition without prejudice, allowing Badger to re-file it after exhausting his administrative remedies.

Were the Court to find exhaustion futile under these circumstances, the challenge remains premature. Under 18 U.S.C. § 3585(a), a defendant's federal sentence begins when he "is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." The BOP has authority under section 3585(b) to give a defendant credit towards the service of a term of imprisonment for time in detention not credited toward another sentence. However, such a credit must occur after the defendant begins his federal sentence, subject to administrative procedures promulgated by the BOP. The BOP has not made a determination denying Petitioner the sentence credit he believes he is entitled to receive. Instead, it asserts it will consider the credit once Badger is in its custody. Thus, at this time, no "controversy" exists on the issue, and as such, the undersigned would still recommend this action be dismissed, without prejudice, to Petitioner's right to file if and when the BOP actually denies him the credit on his federal sentence he believes he is entitled to receive.

## Conclusion

For the foregoing reasons, the Court concludes that § 2241 relief is not available to Petitioner at this time. Accordingly, it is recommended that this Petition for Writ of Habeas Corpus, Doc. No. 1, be dismissed, without prejudice.

SO ORDERED this 5th day of March, 2020.

_____
UNITED STATES MAGISTRATE JUDGE